IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Cederick Wise, | ) | Case No.: 6:21-cv-02308-JD-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Warden Nelson, Arthur Frederick, Kenneth Greggs, Sherman Anderson, John Doe 1 Doctor at Broad River Correctional Institution, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Kevin F. McDonald ("Report and Recommendation") (DE 32), made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] Cederick Wise ("Wise" or "Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings a claim against the Defendants Warden Nelson, Arthur Frederick, Kenneth Greggs, Sherman Anderson, John Doe 1 Doctor at Broad River Correctional Institution (collectively "Defendants") pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights for failure to provide him with heart healthy meals and deliberate indifference to medical care. The Plaintiff alleges that he was previously diagnosed with gastroesophageal reflux disease ("GERD") while incarcerated and prescribed a heart healthy diet (among other things) to treat his symptoms but which Defendants failed to provide after he was transferred to Broad River Correctional Institution ("Broad River").

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

(DE 27, pp. 16-19.)  Plaintiff's alleged damages include weight loss, acid reflux, psychological harm, and hunger headaches.  (DE 27, p. 6).

The Plaintiff's Complaint was entered on the docket on August 23, 2021.  (DE 10.)   By Order filed October 19, 2021, the Plaintiff was informed that his Complaint was subject to summary dismissal because it failed to state a claim upon which relief may be granted and that he could cure the defects identified in his complaint by filing an amended complaint within 14 days.  (DE 25.)  The Plaintiff was informed that if he failed to file an amended complaint or otherwise cure the deficiencies outlined in the Order, the Magistrate would recommend that his case be dismissed.  (DE 25, pp. 10-11).  On November 5, 2021, the Plaintiff's Amended Complaint was entered on the docket.  (DE 27).

The Report summarizes Plaintiff's Amended Complaint as follows:  While incarcerated at Perry Correctional Institution in 2011, Plaintiff was diagnosed with GERD and was provided a heart healthy diet to help manage his symptoms.  (DE 27, pp. 13-14).  The Plaintiff was instructed to avoid red meat, to sit up two hours after eating, and increase his water intake, which has helped his GERD.  (DE 27, pp. 14-15).  The Plaintiff was transferred to Broad River on November 17, 2020, but was not provided an opportunity to report to medical to note his need for a heart healthy diet.  (Id. at 15.)  The Plaintiff was not able to eat lunch or dinner because he was not provided a heart healthy diet tray.  (Id.)  The Plaintiff then submitted a kiosk request to be placed on the heart healthy diet, and the response was that his request would be forwarded to medical.  (Id. at 15-16.)  The Plaintiff alleges that John Doe 1 did not honor his heart healthy diet request and violated his rights by not reviewing the Plaintiff's entire South Carolina Department of Corrections ("SCDC") file and by determining that Plaintiff did not require a heart healthy diet.  (DE 27, pp. 16-19.)  Two

2

months later, the Plaintiff again requested placement on the heart healthy diet, and the response from SCDC was that the Plaintiff's request had been resolved. (DE 27, p. 17.)

The Plaintiff contends that during this time he continued to avoid eating lunch and dinner because any food on those trays would cause severe heartburn. (DE 27, p. 18.) He contends supervisory liability against defendants Warden Nelson, A/W Frederick, and Maj. Greggs. (DE 27, pp. 19-24.) He contends that these defendants failed to perform their security checks of the cells (although he asserts that each time he saw these defendants he asked for his heart healthy diet) and that they improperly denied his grievances. (DE 27, pp. 20-22.) The Plaintiff also contends that Plaintiff is in segregated detention even though he was recommended to return to general population as of May 2, 2020. (DE 27, p. 21).

Since Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute, the District Court is authorized to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Accordingly, on December 2, 2021, the Magistrate Judge issued the Report, recommending dismissal of the case because Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted. (DE 32.)

Plaintiff filed an Objection to the Report on December 22, 2021. (DE 34.) However, to be actionable, objections to a report and recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the

district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). In evaluating a *pro se* plaintiff's complaint, the Court is charged with liberally construing the factual allegations of the complaint in order to allow potentially meritorious claims to go forward. See Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007).

Upon review, the Court finds that Plaintiff's objections are non-specific, unrelated to the dispositive and/or at the heart of disputed portions of the Report and Recommendation, or merely restate his arguments. However, at best the Court has gleaned that Wise objects to the Report's disregard for his prior diagnosis and claims that his SCDC medical records "confirmed [he had] been diagnosed to mandatory treatment of heart healthy diet medically necessary to [him] yet they wantonly fail to provide [him] any medical care." (DE 34, p. 2.) Similarly, Plaintiff objects because he alleged in his amended complaint that the lunch and dinner meals contained a combination of foods that would trigger his acid reflux symptoms, (i.e. beans, hot dogs, or sloppy joes). (DE 34, p. 3.) Wise alleges Defendants failure to provide him heart healthy meals amounts to deliberate indifference to medical care and an inadequate diet. The Report ably addressed these claims:

> First, his vague and conclusory allegations that he spoke to the defendants when they came by his cell and requested a heart healthy diet do not plausibly allege personal involvement by the defendants. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1997) ("Having failed to allege any personal connection between [the defendants] and any denial of [the plaintiff's] constitutional rights, the action against him must fail."). Additionally, the plaintiff's complaint specifically notes that after he requested placement on the heart healthy diet, defendant John Doe 1 indicated that he did not require a heart healthy diet (doc. 27 at 16–19). As such, it

appears that the plaintiff preferred a "treatment" of a heart healthy diet; however, the plaintiff is not constitutionally entitled to the treatment of his choice. *See Sharpe v. S.C. Dep't of Corrs.*, 621 F. App'x 732, 733 (4th Cir. 2015) (unpublished per curiam opinion) (noting that "mere disagreement between an inmate and medical staff regarding the proper course of treatment provides no basis for relief" under § 1983 (citing *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975))).

(DE 32, p. 5.) Since the Report properly addressed these objections and Wise merely disagrees with the Report's analysis and conclusion, this Court overrules these objections.

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation and incorporates it herein.

It is, therefore, **ORDERED** that this action is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/Joseph Dawson, III
Joseph Dawson, III
United States District Judge

Greenville, South Carolina
May 18, 2022

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that it has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.